### GANDIA v. PORTO RICO FERTILIZER CO. *

### PORTO RICO FERTILIZER CO. v. GANDIA.

(Circuit Court of Appeals, First Circuit. June 21, 1923.)

Nos. 1594, 1604.

1. **Appeal and error** ⬅1094(2)—**Fact determined same way by two tribunals not disturbed, in absence of plain error.**

   Where an issue of fact has been determined the same way by two tribunals, the determination will not be disturbed, in the absence of plain error.

2. **Appeal and error** ⬅835(2)—**Fact plaintiff had subsequently recovered judgment on same cause from another cannot be raised on motion for rehearing.**

   The fact that plaintiff, after recovering judgment from defendant, subsequently brought an action for the same cause against another and recovered judgment therein, cannot be considered, where it was first raised in the Supreme Court of Porto Rico on appeal from the district court by motion for rehearing.

3. **Parties** ⬅84(3)—**Nonjoinder held waived, unless absent parties were indispensable to jurisdiction.**

   Where necessity of joining others as defendants did not appear on the face of the complaint, so that demurrer on the ground of nonjoinder was properly overruled, under Code Civ. Proc. Porto Rico (Rev. St. & Codes 1910–11) § 105, and the objection was not taken in the answer as permitted by section 108, when the matter does not appear on the face of the complaint, the objection was waived under section 109, unless the absent persons were necessary and indispensable parties to enable

---

the court to exercise jurisdiction and enter a proper judgment, and were not merely proper parties.

4. **Parties** ⊙⟳32—**Not indispensable, if rights of those joined can be determined without affecting others not joined.**

Parties not joined as defendants are not indispensable parties, if the rights of those who are joined can be determined without unjustly affecting the rights of the absent parties or waiving their rights.

5. **Corporations** ⊙⟳189(9)—**Subsequent assignee of stock held not indispensable party to suit to declare one a stockholder.**

In a suit against a corporation to have plaintiff declared a stockholder in the corporation, where the decree merely required the corporation to recognize plaintiff as the owner of a stated number of shares and to pay him dividends thereon, the rights of one whom the corporation had recognized as assignee of stock formerly owned by plaintiff were not thereby adversely affected, so that it was error to reverse the decree adjudicating the stock to plaintiff because the assignee had not been joined, where the question of nonjoinder was waived by not being raised by answer.

Appeals from the Supreme Court of Porto Rico.

Suit by Pedro Gandia against the Porto Rico Fertilizer Company. Judgment for plaintiff, rendered by the district court, was affirmed by the Supreme Court of Porto Rico in so far as it required defendant to pay a sum of money to plaintiff, but reversed in so far as it required the defendant to recognize plaintiff as a holder of 60 shares of its stock, and plaintiff appeals from the judgment of the Supreme Court in so far as it reversed that of the district court, and defendant appeals from it in so far as it affirmed the judgment of the district court. Reversed and remanded on plaintiff's appeal, and affirmed on defendant's appeal.

Jose A. Poventud, of Ponce, P. R., for plaintiff.

George W. Study, of New York City, for defendant.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. These are appeals from a judgment of the Supreme Court of Porto Rico of July 3, 1922, reversing a judgment of the district court of San Juan, section first, of October 28, 1920, in so far as the defendant, the Porto Rico Fertilizer Company, was ordered to carry on its stock and transfer books in the name and favor of the plaintiff, Gandia, 60 shares of stock in the defendant corporation; that it consider the plaintiff as one of its stockholders to the extent of the 60 shares of stock, and pay him whatever dividends were declared and distributed from the profits of the corporation; and affirming the judgment of the district court wherein it adjudged that the defendant pay to the plaintiff the sum of $8,234.06 and interest on the same at 6 per cent. annually from February 28, 1917, with costs.

In No. 1594 Gandia appealed from the judgment of July 3, in so far as it reversed the judgment of the district court. In No. 1604 the Porto Rico Fertilizer Company appealed from the same judgment in so far as it affirmed the judgment of that court.

[1] The question sought to be raised by Gandia on his appeal is one of law, while that sought to be raised by the fertilizer company on its

appeal is one of fact. It is not clear whether the action is one of a nature authorizing an appeal, so that questions of fact as well as of law are open to review by this court; but, assuming that it is such, it appears that the question of fact sought to be reviewed by the fertilizer company in No. 1604 has been determined both by the district court and the Supreme Court of Porto Rico against the company. Such being the case, we think the rule should be applied that, where two tribunals have determined a question of fact in the same way, it will not be disturbed in the absence of plain error.

[2] The fertilizer company also asserts that Gandia is estopped from maintaining an action against the fertilizer company for the $8,234.06 on the ground that he has brought an action to recover the same fund against J. D. Stubbe and has recovered judgment against him for that amount. There is nothing in the record showing that Gandia has recovered judgment against Stubbe for this amount, although it appears that, subsequently to bringing this suit, such an action was brought and a decision rendered entitling him to such a judgment. This question was not raised in the district court, but was presented for the first time on a motion for rehearing in the Supreme Court. The Supreme Court declined to pass upon the question, on the ground that it could not be raised in the manner attempted and for the first time in that court. In this we see no error. This disposes of the appeal in No. 1604.

The Supreme Court, in so far as it reversed the judgment of the district court, did so on the ground that the evidence disclosed that J. D. Stubbe, or his assignees, the firm of Stubbe Bros., of which he was a member, claimed to own the 60 shares of stock that originally stood in the name of Gandia on its books, and were necessary and indispensable parties to the action, and that, such being the case, the fertilizer company should not be "subjected to the possibility of a suit by adverse claimants." John D. Stubbe had been a partner with the plaintiff, Gandia, in the firm of Gandia & Stubbe, and the fertilizer company claimed that on dissolution of the firm, by the articles of dissolution, Stubbe acquired title to the stock, and thereafter assigned the same to the firm of Stubbe Bros. But the Supreme Court held that, whether it agreed with Gandia or not in regard to the actual transfer of the stock, the fertilizer company ought not to be ordered to keep the record and declare the ownership in Gandia "when apparently strong evidence was before the said company of an adverse claim." The Supreme Court agreed with the district court "that up to the time of the signing of the articles of dissolution the said 60 shares belonged to Gandia," that "the stock was never physically assigned" to Stubbe, "nor its par value paid to appellee," Gandia. So the legal question presented in No. 1594 is whether J. D. Stubbe or Stubbe Bros. were necessary and indispensable parties to the action, so far as a judgment against the defendant as to the stock is concerned.

The fertilizer company in its brief asserts that the Supreme Court assumed that Gandia originally held the title to the stock, and found that at the date of the dissolution of the firm of Gandia & Stubbe he made a good and valid transfer thereof to Stubbe. But the Supreme Court in its opinion clearly states that it agreed with the district court

that Gandia held title to the shares of stock at the time of the dissolution of the firm of Gandia & Stubbe. Nor did it hold that he had made a good and valid transfer thereof to Stubbe, but declined to pass upon that question on the ground that the necessary parties to its decision were not before the court. If the necessary parties to its decision were before it, the Supreme Court should have passed upon the question, and it would seem, in view of the evidence and the facts found by the district court and affirmed by it, that no other reasonable conclusion could be reached than that Gandia did not transfer the stock to Stubbe and that it was transferred by the fertilizer company on its books to Stubbe Bros. either negligently or fraudulently.

[3] The fertilizer company attempted to raise the point of defective parties defendant by demurrer. In the District Court the demurrer was overruled, and the Supreme Court affirmed the ruling, as the alleged defect did not appear on the face of the complaint. Code of Civil Procedure, § 105; Rev. Stat. & Codes of P. R. 1910–11, p. 828.

"When any of the matters enumerated in section 105 do not appear upon the face of the complaint, the objection may be taken by answer.

"If no' objection be taken, either by demurrer or answer, the defendant must be deemed to have waived the same, excepting only the' objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action."

Sections 108, 109, Code of Civil Procedure; Rev. Stat. & Codes of P. R. 1910–11, p. 828.

The objection was not taken in the answer.

Unless, therefore, J. D. Stubbe or his assignees were necessary and indispensable parties to enable the court to exercise jurisdiction and enter a proper judgment and were not merely proper parties, the question of their nonjoinder as parties defendant was waived.

[4] In Waterman v. Canal-Louisiana Bank & Trust Co., Executor, 215 U. S. 33, 49, 30 Sup. Ct. 10, 14 (54 L. Ed. 80), on the question whether a person not made a party was an indispensable party to the suit, and in his absence a dismissal of the cause would be required for want of jurisdiction in the court to proceed without him, the Supreme Court said:

"The relation of an indispensable party to the suit must be such that no decree can be entered in the case which will do justice between the parties actually before the court' without injuriously affecting the rights of such absent party. 1 Street's Fed. Equity Practice, § 519.

"If the court can do justice to the parties before it without injuring absent persons it will do so, and shape its relief in such a manner as to preserve the rights of the persons not before the court. If necessary, the court may require that the bill be dismissed as to such absent parties, and may generally shape its decrees so as to do justice to those made parties, without prejudice to such absent persons. Payne v. Hook, 7 Wall. 425."

And, applying the above rule to the facts in that case, the court held:

"That the presence of Frederick, T. Davis as a party to the suit is not essential to the jurisdiction of the federal court to proceed to determine the case as to the parties actually before it. In other words, that while Davis is a necessary party, in the sense that he has an interest in the controversy, his interest is not that of an indispensable party without whose presence a court of equity cannot do justice between the parties before it, and

whose interest must be so affected by any decree to be rendered as to oust the jurisdiction of the court."

The law of Porto Rico does not differ from that as laid down by the Supreme Court, for in section 74 of the Code of Civil Procedure (Rev. Stat. & Codes of P. R. 1910–11, p. 822) it is provided as follows:

"The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court must then order them to be brought in," etc.

See, also, as bearing upon this question, Atwood v. Rhode Island Hospital Trust Co. (C. C. A.) 275 Fed. 513, 517–519, and cases there cited.

If J. D. Stubbe or Stubbe Bros. were indispensable parties, then, under the law of Porto Rico (section 74), the court should have ordered them brought in and made parties. And if this could not properly be done in the Supreme Court then, on vacating the decree to the extent that it did, it should have remanded the cause to the district court, with directions to do so and for further proceedings not inconsistent with its opinion. But the question remains whether J. D. Stubbe or Stubbe Bros. were indispensable parties in the sense that no decree as to the stock could be entered in the case which would do justice between the parties actually before the court without injuriously affecting the rights of such absent parties.

[5] It is apparent from the facts found in the case that J. D. Stubbe, individually, was not a necessary or indispensable party, as he had parted with any claim of ownership he had in the stock to the firm of Stubbe Bros. of which he was a member. So that the question resolves itself down to whether Stubbe Bros., to whose name the fertilizer company had transferred the stock on its books, were indispensable parties.

The judgment of the district court did not require the fertilizer company to maintain on its stock and transfer books the particular 60 shares of stock transferred by it thereon to Stubbe Bros., but "to maintain 60 shares of the defendant corporation on its stock and transfer books in the name of the plaintiff, to have and consider the plaintiff as one of its stockholders to the extent of the said 60 shares, and to pay him the dividends that may be distributed from the profits that the defendant corporation may have." As this judgment did not necessarily involve a cancellation of the particular stock standing on the books of the company in the name of Stubbe Bros. and its transfer to that of Gandia, but could be complied with by its procurement of 60 shares of its stock and maintaining the same on its stock and transfer books in the name of the plaintiff and considering him as one of its stockholders to that extent, and paying him the dividends accruing thereon, it is apparent that Stubbe Bros. were not necessary or indispensable parties in the sense that no judgment or decree could be entered in the cause which would do justice between the parties actually before the court without injuriously affecting the rights of such absent parties. St. Romes v. Cotton Press Co., 127 U. S. 614, 8 Sup.

Ct. 1335, 32 L. Ed. 289; Pratt v. Boston & Albany R. R., 126 Mass. 443; Pratt v. Taunton Copper Co., 123 Mass. 110, 25 Am. Rep. 37.

We are therefore of the opinion that the Supreme Court erred in reversing the judgment of the district court on the ground that J. D. Stubbe or Stubbe Bros. were necessary and indispensable parties to the suit, and that its judgment in this particular must be reversed and the case remanded to that court for further proceedings not inconsistent with this opinion.

There is one other matter that deserves attention. These appeals were brought here on independent translations and transcripts of the same record in the court below. Why counsel should suffer such additional burden to be imposed upon the parties when one translation and transcript would meet every requirement, we do not understand. The expense of transferring a case to a court of appeals under the federal practice as it now exists is already too great and every reasonable endeavor should be made to see that no unnecessary burden is imposed.

In No. 1594, the judgment of the Supreme Court of Porto Rico, in so far as it reversed the judgment of the district court, is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion, with costs to the appellant.

In No. 1604, the judgment of the Supreme Court of Porto Rico, in so far as it affirmed the judgment of the district court, is affirmed, with costs to the appellee.