## STUBBE v. CORDOVA.

Circuit Court of Appeals, First Circuit. December 27, 1927.

No. 2065.

1. **Pleading** ⟨⟩214(2)—Well-pleaded facts are to be taken as true on demurrer.

Where demurrer is interposed, all facts well pleaded are to be taken as true.

2. **Trusts** ⟨⟩160(2)—Trust will not be allowed to fail because for want of trustee.

Trust will never be allowed to fail because of the want of a trustee.

3. **Partnership** ⟨⟩280—Court had power, on death of liquidator appointed on dissolution of partnership, to appoint trustee to complete duties.

Where liquidator appointed on dissolution of partnership died before completion of duties, the court had power to appoint a trustee to complete his duties, since liquidator constituted in one sense a trustee.

4. **Partnership** ⟨⟩319—Member of dissolved partnership cannot require court to take jurisdiction of liquidation until division of common funds at conclusion of liquidation (Code of Commerce of Porto Rico, arts. 232, 233).

Member of partnership, after dissolution, cannot require court to take jurisdiction of liquidation under Code of Commerce of Porto Rico, art. 233 (Rev. St. & Codes 1913, § 7792), until division of common funds at conclusion of liquidation, as provided by article 232 (Rev. St. & Codes 1913, § 7791).

5. **Courts** ⟨⟩406(1⅓)—Construction and application of local law by both courts of Porto Rico will not be set aside, unless plainly wrong.

Where both district court and Supreme Court of Porto Rico have reached same conclusion in the construction and application of a local law, such construction and application will not be set aside, unless plainly wrong.

In Error to the Supreme Court of Porto Rico.

Action by Johann D. Stubbe against Pedro Gandia Cordova. Judgment sustaining a demurrer was affirmed by the Supreme Court of Porto Rico, and plaintiff brings error. Affirmed.

Francis G. Caffey, of New York City (Henry G. Molina, of San Juan, Porto Rico, and Bouvier, Caffey & Beale, of New York City, on the brief), for plaintiff in error.

Jose A. Poventud and Alberto S. Poventud, both of Ponce, Porto Rico, for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. [1] This case is before us on a demurrer, and under the well-known rule all facts well pleaded are to be taken as true.

The parties were formerly members of a mercantile partnership doing business under the firm name of Gandia & Stubbe. On July 24, 1916, they executed what is called a "deed of dissolution, or articles of dissolution and liquidation of a mercantile partnership." By this certain specific property belonging to the partnership was assigned to each partner.

The value of the property assigned to Gandia was $23,888.71, of that assigned to Stubbe $58,555.01, in which was included 250 shares of the stock of the Porto Rico Fertilizer Company at its par value of $100 each, or $25,000. Sixty shares of this stock stood in the name of Stubbe, 60 shares in the name of Gandia, 5 shares in the names of other parties, and the remaining 125 shares in that of the firm of Gandia & Stubbe.

A liquidator was agreed upon, who was to "take charge of the books and open the corresponding liquidation accounts, charging Stubbe and Gandia with the assets of which they have taken charge, and crediting the same to the corresponding accounts. The liabilities of the firm of Gandia & Stubbe shall be paid by the liquidator, charging the same to the corresponding accounts."

Section 8 of the articles of dissolution is as follows:

"The partners agree upon the following special conditions for the purpose of the liquidation: (a) Gandia will sell to Stubbe all of his stock in the Porto Rico Fertilizer Company at par, one-half of all the dividends declared by the said company remaining to the credit of Gandia."

This provision has been the fruitful source of a great deal of litigation between the parties, which has engaged the attention of this court at three different times. In Gandia v. Porto Rico Fertilizer Company the plaintiff obtained a judgment in the district court of San Juan, October 28, 1920, ordering the Porto Rico Fertilizer Company to carry on its stock and transfer books 60 shares of its stock in the name of Gandia, and pay him whatever dividends were declared and distributed upon it from the profits of the corporation, and also that the Porto Rico Fertilizer Company pay to Gandia the sum of $8,234.06 and interest on the same at 6 per cent. annually from February 28, 1917, said amount being one-half of the dividends upon stock of the Porto Rico Fertilizer Company due and unpaid at the date of the dissolution.

The Supreme Court of Porto Rico reversed in part the judgment of the district court on the ground that J. D. Stubbe or his assignees, the firm of Stubbe Bros., were necessary and indispensable parties to the action, and affirmed that part of its judgment which held that the Porto Rico Fertilizer Company should pay to the plaintiff the sum of $8,234.06, with interest.

This court, in its opinion in 291 F. 18, held that neither J. D. Stubbe, nor his assignees, Stubbe Bros., were indispensable parties, reversed the judgment of the Supreme Court of Porto Rico in this particular, and remanded the case to that court for further proceedings not inconsistent with its opinion.

In the cross-action of Porto Rico Fertilizer Co. v. Gandia, this court affirmed the judgment of the Supreme Court of Porto Rico, so far as it affirmed the judgment of the district court.

After receipt of the mandate of this court by the Supreme Court of Porto Rico, it proceeded to determine the ownership of the 60 shares of stock, and held that these shares were by the deed definitely transferred to Stubbe by Gandia.

On appeal to this court it was held (2 F. [2d] 641) that, "for the purpose of effecting the liquidation, the 60 shares standing in Gandia's name were 'his stock,' to be transferred and paid for at par, plus his half of the dividends already declared, or $8,234.06." This court reversed the judgment of the Supreme Court of Porto Rico, and remanded the case to that court for further action, not inconsistent with that opinion.

Upon receipt of this mandate, the Supreme Court of Porto Rico affirmed the judgment of the district court of Porto Rico, in which it held that the Porto Rico Fertilizer Company should pay to Gandia the sum of $8,234.06, dividends, and interest, and that

it should carry upon its stock and transfer books the name of Gandia as the owner of 60 shares of its stock, and consider him as one of its stockholders to the extent of 60 shares, and pay him dividends thereon.

An appeal to this court was taken from this judgment of the Supreme Court, and this court held, in a per curiam opinion (7 F.[2d] 1021), that the judgment of the Supreme Court conformed to the mandate of this court, and affirmed its judgment, with costs.

In the present action Stubbe filed a complaint in the district court of San Juan, Porto Rico, against Gandia, setting forth the dissolution of the partnership between them and the deed by which this was effected. His complaint contains three causes of action. In the first it is alleged that the firm of Gandia & Stubbe was the owner of 250 shares of stock of the Porto Rico Fertilizer Company, including the 60 shares standing in the name of Gandia; that in the deed of dissolution Gandia agreed to transfer the said 60 shares to the plaintiff, but had refused so to do; and that upon these said shares dividends had accrued to the amount of $7,830.13, which the defendant demanded. Under this cause of action the plaintiff in substance prays that this court reverse its decision made in Gandia v. Porto Rico Fertilizer Co., supra.

The second cause of action sets forth the eighth section of the deed of dissolution, which provides in substance that Gandia "will sell to Stubbe all of his stock in the Porto Rico Fertilizer Company at par, one-half of all the dividends declared by the said company remaining to the credit of Gandia," and alleges that it was the intention of the parties, as disclosed "by the deed itself and by contemporaneous facts and circumstances," that Gandia was to transfer or indorse the certificate which he held for said 60 shares, without receiving any payment except what accrued to him upon the allotment of the whole 250 shares to Stubbe for the sum of $25,000, but stating that, if for any reason the court should conclude that Gandia is bound to transfer the 60 shares of stock to the plaintiff for their par value, the $6,000 be charged to the plaintiff, Stubbe, in the liquidation. Under this cause of action the plaintiff prays that this court reverse so much of its decision as held that the sum of $6,000 should be paid to Gandia upon the transfer by him of the 60 shares of stock of the Porto Rico Fertilizer Company, and hold that said sum of $6,000 should be paid from any balance found to be due upon liquidation from the plaintiff to the defendant.

The third cause of action, relying upon the allegations in the first two causes of action, alleges that by the deed of July 24, 1916, all the property of Gandia & Stubbe was distributed between the partners, and there only remained the accounts payable and accounts receivable to be liquidated; that all the accounts payable were paid by the partners themselves after dissolution; and that the accounts receivable had been collected by the liquidator, Arturo Trias, appointed by the deed, and one Juan Diez de Andino, appointed by the court as trustee to take possession of the properties in the liquidation of the firm. It is further alleged that, although all the business and properties of the firm had been "distributed, liquidated, paid, and collected—that is to say, has been entirely liquidated—years ago, there has never been made between the partners, here plaintiff and defendant, the corresponding liquidation to ascertain what belongs to each"; that, for the purpose of making the dissolution, a general inventory and balance of the business of the firm was included in the deed of July 24, 1916, and in this inventory was one item, "Accounts current, $37,771.21," which represented the difference between the accounts receivable and the accounts payable; that among the latter were certain accounts totaling $22,616.01, which were once owed to the Porto Rico Fertilizer Company, but were collected and used by the firm of Gandia & Stubbe; and that the plaintiff, Stubbe, had paid this sum to the Porto Rico Fertilizer Company. Under this cause of action the plaintiff prays for a complete and final liquidation of the firm of Gandia & Stubbe in accordance with the deed of July 24, 1916, crediting each with the debts of the firm paid by him, and that upon an account stated between them as the result of such liquidation the partner who shall be found to be indebted to the other shall be adjudged to pay the amount of said indebtedness, the plaintiff offering to pay any sum that may be found due from him as the result of said liquidation.

A general demurrer to all three causes of action was sustained by the district court, and on appeal its judgment was affirmed by the Supreme Court of Porto Rico.

The first two causes of action stated in the complaint attack the decision of this court as announced in its opinion in Gandia v. Porto Rico Fertilizer Co., 2 F.(2d) 641, which held that Gandia should receive from Stubbe the sum of $6,000 upon the transfer of the 60 shares of stock standing in his name. We are of the opinion that it is immaterial wheth-

er this decision of the court is res adjudicata as to the plaintiff or not.

The allotment made to Stubbe far exceeded in value that of the property assigned to Gandia. The deed of dissolution also provided that the bills payable which the liquidator should not be able to meet should be paid by the partners. The complaint alleges that all of the bills payable were discharged by them. It is a fair assumption, from the language of the deed and the acts of the parties, that it was their intention that the difference between the value of the assets which were assigned to each partner should be equalized by the payment by Stubbe to Gandia for the 60 shares of stock standing in his name, and also by the payment by the former of a large part of the bills payable. After further consideration and careful study we adhere to the decision reached in Gandia v. Porto Rico Fertilizer Co., supra.

[2, 3] As to the third cause of action, the parties had agreed upon a liquidator to whom was intrusted the collection of bills receivable and the payment of bills payable which were not paid by the partners. The complaint alleges that all of the bills payable were paid by the partners, and that all of the business and property of the firm has been distributed and liquidated. It does not allege how much was collected by the liquidator, or what he has paid to the partners. He died before completing the liquidation, and the court appointed another as trustee to take possession of the property of the firm which had been received by him as liquidator. The duties to be performed by his successor are not stated, but it is alleged that he was "to take possession of the properties of the liquidation of the firm of Gandia & Stubbe," from which it may be fairly inferred that he was to complete the liquidation. In its decision the district court of San Juan has cited the sections of the Code of Commerce providing for the appointment of liquidators and fixing their duties. While we find nothing in this Code authorizing the appointment of a successor in the case of the death of a liquidator named by the parties, yet, as the liquidator is in one sense a trustee, and under the well-known rule a trust is never allowed to fail because of the want of a trustee, the court had the power to appoint a trustee to complete the duties of the liquidator. This seems to be the opinion of the Supreme Court of Porto Rico, for it states: "We agree, however, with the appellee, that as the articles of the dissolution named a liquidator, who was not Gandia, to settle the account between the partners, any right or claim to a settlement of the partnership accounts must be directed to said liquidator."

It is contended by the plaintiff that article 233 of the Code of Commerce (Rev. St. & Codes 1913, § 7792) authorizes the court to take jurisdiction of the liquidation. This article is as follows:

"Art. 233. If any of the members considers himself unjustly treated in the division made, he may exercise his rights before the judge or court of competent jurisdiction."

The division referred to is evidently that named in article 232 (Rev. St. & Codes 1913, § 7791), which is as follows:

"Art. 232. At the conclusion of the liquidation and when the time has come to make the division of the common funds, according to the classification made by the liquidators, or by the meeting of members, which any of them can request to be held for this purpose, the liquidators shall make the division within the period decided upon at the meeting."

[4, 5] All of the property of the firm except that held by the liquidator or trustee has been divided between the members of the firm, and the complaint so states. Nothing now is left for division except the money which may be in the hands of the liquidator or trustee. Until he has made the division provided for by article 232 there can be no resort to the courts. This was the holding of the Supreme Court of Porto Rico, and also of the district court. The question is one of local law, and, where both courts have reached the same conclusion in the construction and application of a local law, the rule is well established that it will not be set aside, unless plainly wrong, and we are not convinced that it is.

The judgment of the Supreme Court of Porto Rico is affirmed, with costs to the appellee in this court.