NORTHERN TRUST COMPANY v. CLINTON MARKELL and Another.[1]

June 7, 1895.

Nos. 9097—(112).

| 61 | 271 |
| f81 | 261 |

**Sale of Chattels—Specific Performance.**
>    As a general rule, an action for the specific enforcement of a contract relating to chattels will not lie, because the law affords adequate and complete redress in an action for damages.

**Appeal from Judgment on Default.**
>    Application of the rule laid down in Smith v. Dennett, 15 Minn. 59 (81), that where, on appeal to this court from a judgment entered on default, the objection is interposed for the first time that the judgment is erroneous because the complaint failed to state a cause of action, the objection should not be favored, and that if facts material to support the judgment are alleged, or are fairly inferable, by any reasonable intendment, from what is alleged, in the complaint, the judgment should be sustained.

**Vacating Judgment—Failure to State Cause of Action.**
>    *Held*, that the complaint in question wholly failed to contain allegations of fact material to the right of recovery, or from which such right could fairly be inferred, and therefore was subject to reversal on appeal. *Held*,

[1] Reported in 63 N. W. 735.

further, in such case, and on the showing made, that the court below did not exceed its discretionary powers when it vacated the judgment and allowed the defendants to interpose an answer.

Appeal by plaintiff from an order of the district court for St. Louis county, Ensign, J., vacating a judgment for $5,800 entered against defendants on default and allowing them to answer. Affirmed.

*Carman N. Smith,* for appellant.

*J. L. Washburn,* for respondents.

COLLINS, J. We pass by all other questions in this case, and come directly to the contention of defendants' counsel that the complaint did not state facts sufficient to constitute a cause of action, because the value of the stock was nowhere alleged, and it was not made to appear in any manner that plaintiff had suffered any damages whatsoever by reason of defendants' refusal to purchase and pay for the same.

The action was brought upon a written contract to purchase certain shares of stock of the face value of $5,000 from the owner thereof, three years after the date of the contract, and to pay therefor said face value, together with any dividends, at the rate of 8 per cent. per annum, which might then be due. It was admitted that certain dividends had been paid, and there was nothing in the complaint tending to show that the shares were not worth as much as, or even more than, defendants had agreed to pay therefor. Through the complaint the shares were brought into court and tendered to defendants, while the judgment demanded was for the amount of their face value and alleged unpaid dividends. The whole purpose and scope of the action was to compel defendants to take the shares, and to pay for them. In other words, it was an action brought for the specific enforcement of a contract relating to chattels.

As a general rule, the specific performance of contracts relating to chattels will be denied, because the law affords adequate and complete redress in an action for damages. There are exceptions to the rule, of course. For instance. whenever the loss by reason of a violation of the contract cannot be correctly estimated in damages, or whenever, from the nature of the contract, a specific performance is indispensable to justice, a court of equity will not be deterred

from interfering because the contract relates to personal property. And it has been held that specific performance may be decreed where the shares are limited, having no fixed or marketable value, are not quoted in the commercial reports, nor selling upon the market, because, it was said, a judgment for damages at law might not afford adequate relief. But it is well settled that the only relief for the breach of contracts of which goods possessing an easily ascertainable value, as grain or cattle or shares, are the subject, lies in an action at law for damages. This whole topic is well considered and treated in 22 Am. & Eng. Enc. Law, 989. There was nothing in the complaint now under consideration which would permit it to escape from an application of the ordinary rule, and therefore it utterly failed to show a right of recovery against defendants.

Having settled that the complaint was fatally defective, we are next to inquire whether the court below exceeded its discretionary powers when it vacated the judgment, that a defense might be made. It has repeatedly been held that a judgment by default could not stand where the declaration or complaint stated no cause of action (1 Black, Judgm. § 84, and cases cited), and would be reversed on appeal, especially in states where an objection to a defective complaint is not waived by a failure to demur, as is the case in this jurisdiction (G. S. 1894, § 5235). This proposition has not been fully indorsed by this court, for in Smith v. Dennett, 15 Minn. 59 (81), it was said that, on appeal from a judgment entered in district court on defendant's default, an objection interposed in this court, for the first time, that the judgment is erroneous because the complaint failed to state a cause of action should not be favored, and that if facts material to support the judgment are alleged, or are fairly inferable, by any reasonable intendment, from what is alleged in the complaint, the judgment should be sustained.

Applying this test. even with the utmost liberality, it is evident that on appeal the judgment would have to be reversed. A material fact—an averment as to the value of the shares when defendants refused to take them, from which averment, and proof thereunder, the plaintiff's right to recover alone depended—was wholly omitted. Nor were there any allegations from which such value, or total want of value, could be inferred. The cause of action was treated in the complaint as before stated, when judgment was entered on default,

as upon contract for the payment of money only, and not as one in which damages would have to be alleged, and, when entering judgment, ascertained and assessed by the court, or under its direction. In such a case, where the judgment would have to be reversed on appeal, and with the showing made on the motion, we cannot hold that there was an abuse of discretion on the part of the court below.

Order affirmed.