T. E. MOULTON v. WARREN MANUFACTURING COMPANY
and Others.[1]

October 23, 1900.

Nos. 12,385—(36).

## Specific Performance—Where Damages not an Adequate Remedy.

The rule that specific performance of a contract for the transfer of personal property will not be decreed, except when an action for damages

[1] Reported in 83 N. W. 1082.

will not afford an adequate remedy, or the chattel has a value peculiar to the person seeking relief, maintained and applied.

## Northern Trust Co. v. Markell Followed.

Northern Trust Co. v. Markell, 61 Minn. 271, in the above respect, approved and followed.

## Unfixed Value—Action for Damages.

There may be no fixed or quotable commercial value of corporate stock, and yet, if it have a value easily estimated in an action for damages, an equitable action to compel its transfer will not lie.

## Complaint Defective.

Complaint in this case to compel the transfer of stock in a corporation *held* defective, because it does not show that an action at law for damages would afford adequate relief.

Appeal by certain defendants from an order of the district court for Marshall county, Watts, J., overruling demurrers to the complaint. Reversed.

*A. A. Miller* and *William J. Brown*, for appellants.

*A. Grindeland* and *S. Cooke*, for respondent.

LOVELY, J.

The order of the trial court holds that the complaint in this suit states a cause of action. Upon this order all the defendants except Demeron, who was not served, appeal.

Plaintiff seeks by his complaint to compel one of the defendants, N. J. Demeron, the assignee of one hundred twenty-eight shares of the capital stock of the Warren Manufacturing Company, to assign the same to him by virtue of a written contract previously entered into between the defendant Whitney and himself. By this contract defendant Whitney agreed, upon the payment of $2,500, to transfer the stock to plaintiff. Two hundred dollars of the consideration was paid on the execution of the contract. The remainder was to be paid at intervals thereafter. In the meantime plaintiff was to have Whitney's proxy for the purpose of voting the stock, and there were arrangements between him and other stockholders to secure a change of directors, and his own appointment afterwards to an office in the corporation at an annual salary of $1,000. In addition to the above facts, it is further set forth in the com-

plaint that plaintiff tendered payment for the balance of the purchase price of the stock, and demanded the transfer thereof from Whitney, but the latter had declined to give plaintiff his proxy as agreed, and had assigned the stock to defendant Jerrue, and defendant Jerrue afterwards, without consideration, had transferred the same to Demeron, a resident of Kansas, to defraud plaintiff of his rights therein. In addition to specific allegations setting forth in detail the above facts, it is stated in the complaint

"That no dividend on the said stock of said corporation had been declared or paid since June 6, 1893, and that since June 6, 1893, the assets of said corporation have been greatly diminished; and since, and at all times since said date, the shares of stock of said corporation have had no fixed or marketable value, and have not been quoted in the commercial reports."

The complaint is dated August 1, 1899. It appears also, as against the Warren Manufacturing Company, that, after the assignment, Jerrue, knowing plaintiff's rights, cancelled the stock of defendant Whitney, and issued new certificates thereof to the purchaser. Judgment is asked for the equitable relief that the stock issued to defendant Jerrue be cancelled; that the title thereof be declared to be in plaintiff; that the contract between the plaintiff and defendant Whitney be enforced; and that the corporation be directed to issue to the plaintiff new certificates of stock, with a demand for damages against Whitney.

The action is one asking for the specific performance of a contract to transfer personal property, which, as a general rule, will not be ordered, for the reason that the violation of such contract may be estimated in damages, and that the injured party has an adequate remedy at law. Fry, Spec. Perf. § 44. It has been held, however, that

"Specific performance may be decreed where the shares are limited, having no fixed or marketable value, or not quoted in the commercial reports, nor selling upon the market." Northern Trust Co. v. Markell, 61 Minn. 271, 63 N. W. 735.

The only allegation of the complaint showing particular and exceptional reasons to justify a specific performance in this case, under the exception to the rule above stated, is the allegation that

the stock has no fixed or marketable value, and was not quoted in commercial circles. This might have been true, and yet such stock might have been salable on the market, with a determinable value, which could easily have been estimated in an action for damages. It might be said of a very considerable portion of chattel property salable on the market for substantial value that it has no fixed or marketable value quoted in commercial circles, while, in an action for conversion of such chattels or refusal to deliver the same upon agreement, the value of such chattels might be readily ascertained. It appears in the contract in this case, which was made a part of the complaint, that there was an estimated value of this stock; that the purchase price, $2,500 (except $200, paid at its execution), was tendered to defendant Whitney by plaintiff as a condition precedent to the required fulfilment of such contract; and it may have been for this reason that the pleader omitted what we deem to be an essential prerequisite to the relief demanded in the complaint, other allegations showing that the stock had no value that could be estimated in an action for damages, or that it had a peculiar value to the plaintiff as an heirloom or the like.

The averment tending to show that, if the stock which Whitney had agreed to deliver to plaintiff had been voted by him, the plaintiff might have carried out his agreement with other stockholders, and have secured himself a salary of $1,000, is too remote to establish a peculiar value in the same to the plaintiff, or to justify an exception to the rule which relegates him to his action for damages. The views above expressed render it unnecessary to consider any further questions raised on this appeal.

The demurrer should have been sustained, and the order of the district court is reversed.