By the Court.
 

 John E. and Gertrude Steverding filed a petition in the court of common pleas
 
 *251
 
 of Cuyahoga county against the Cleveland Co-Operative Stove and Hollow "Ware Foundry Company to require that company to transfer to them certain shares of stock of such company, issued to Valentine Christ during his lifetime, by him assigned to Arnold and Mary A. Steverding, and by them assigned to the plaintiffs, and for a money judgment for dividends declared, and for an order to transfer to them stock dividends.
 

 Thereafter Arnold and Mary A. Steverding and Vincent Christ, as administrator
 
 de bonis non
 
 of Valentine Christ, were made parties, and such pleadings were filed by the various parties as to put in issue the question whether Valentine Christ in his lifetime assigned or gave the stock to Arnold and Mary A. Steverding and the question whether or not a certain contract of settlement executed between the heirs of Valentine Christ and Arnold Steverding, whereby all the personal property of the estate of Valentine Christ was assigned to Arnold Steverding, was effective to assign this stock, which latter issue involved the question of the knowledge of the other heirs of Valentine Christ of the existence of such stock at the time of the execution of the contract and whether Arnold Steverding, knowing of its existence, fraudulently concealed such fact from such heirs, and the question of the application of the statute of limitations to the unpaid dividends declared on said stock more than six years prior to the institution of this suit.
 

 With the exception of the question of the application of the statute of limitations, all the issues were issues of fact and were determined by the trial court upon evidence adduced.
 

 
 *252
 
 The minutes of the defendant corporation for each dividend show the “same to be payable on or before” a certain date. The record does not disclose any demand of payment by Valentine Christ, - or by his pledgee, or by any one in his behalf, upon the Cleveland Co-Operative Stove Company; nor any notice by the Cleveland Co-Operative Stove Company to Valentine Christ, nor the pledgee, nor to any one representing him, that the stockholder’s right to such dividend had been denied, except the denial to the Steverdings shortly prior to the bringing of this action. The dividends declared during the period covered in the petition were not barred by the statute of limitations, for the reason that the statute did not begin to run until a demand had been made therefor by Valentine Christ, or by some one in his behalf, or until the corporation had denied to the actual or qualified owner of such stock the right to receive such dividend.
 

 The judgment will be modified to include all dividends declared and unpaid, and, as so modified, will be affirmed.
 

 Judgment modified cmd affirmed as modified.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.