WEST et al. v. AMERICAN TELEPHONE & TELEGRAPH CO.

AMERICAN TELEPHONE & TELEGRAPH CO. v. WEST et al.

Nos. 8140, 8141.

Circuit Court of Appeals, Sixth Circuit.

Nov. 16, 1939.

Harry L. Deibel, of Cleveland, Ohio (C. M. Vrooman and Harry L. Deibel, both of Cleveland, Ohio, on the brief), for Charles Peyton West and others.

William B. Cockley, of Cleveland, Ohio, for American Tel. & Tel. Co.

Before SIMONS, ALLEN, and HAM-ILTON, Circuit Judges.

ALLEN, Circuit Judge.

Charles Peyton West and Maurice John West, as plaintiffs, filed a bill in equity praying that the American Telephone and Telegraph Company, defendant, be compelled to restore plaintiffs' right as remaindermen in certain shares of stock in the defendant corporation. The District Court entered a decree for the plaintiffs, but refused to order payment of dividends accruing since November 2, 1929, the date of the alleged unlawful assignment and sale of the stock. As appeals were prosecuted by both parties, they will be denominated as plaintiffs and defendant respectively in this opinion.

The facts are in the main stipulated, and there is no material controversy in the evidence, the two plaintiffs being the only witnesses. Charles P. West, father of the plaintiffs, died in 1926 in Cleveland, Ohio, leaving to his widow, Grace C. West, who was also executrix, a life estate in his prop-

erty, and the remainder to the plaintiffs. The widow (who was both aunt and step-mother of the plaintiffs) applied as execu-trix to the probate court for distribution in kind of stocks of the estate, including 92 shares of stock in the defendant corpora-tion, and the plaintiffs in writing consented to such distribution. The probate court issued an order of distribution, and a copy of this order and the application therefor, together with a certified copy of the will and letters testamentary, were presented to the defendant, which on February 2, 1927, transferred the 92 shares to Grace C. West, without in any manner indicating her limited ownership. In October, 1929, Grace C. West delivered the stock to Paine, Web-ber & Company, brokers in Boston, Massa-chusetts, as collateral for her individual ac-count with them, together with an assign-ment and power of attorney to transfer. On November 4, 1929, the defendant issued a new certificate for the shares to Paine, Webber & Company.

Plaintiff Maurice John West, at that time a practicing attorney, was informed in 1930 that his stepmother had suffered great losses in the stock market, and that some of the estate securities "were gone." He de-manded that his stepmother show him the certificates, and she refused. While he in-vestigated the status of certain other stock in which his stepmother had a life interest, the remainder belonging to him and his brother, he made no further investigation with reference to the stock of the defend-ant company until 1934. He then wrote to the defendant and learned of the transfer to Paine, Webber & Company. Plaintiff Charles Peyton West made no investiga-tion whatever at any time.

Suit at law for damages was instituted in the Common Pleas Court of Cuyahoga County, Ohio, on June 2, 1934. The plain-tiffs were successful in the trial court, but the Court of Appeals of Cuyahoga County reversed the judgment of the trial court and rendered final judgment for defendant. Motion to certify the record in the Supreme Court of Ohio was denied. The present bill in equity was then filed in the District Court on July 14, 1937.

The defendant in its appeal (No. 8141) contends (1) that it is not liable for the transfer of the stock because the plaintiffs consented to the distribution in kind, and (2) that the action is barred by the Ohio statute of limitations, by laches, and by the judg-ment of the Court of Appeals of Cuyahoga County.

As to the first point, the defendant urges that it is not liable, upon the ground that the transfer of stock to Grace C. West without limitation was authorized by the plaintiffs. We do not agree with this con-tention. The defendant, having been pre-sented with a certified copy of the will and the application for and order of distribu-tion, had notice that Grace C. West was not entitled to receive a stock certificate indi-cating that she had an unlimited ownership in these shares. Each of these papers showed that Grace C. West was a life ten-ant only, and the will showed that plaintiffs were entitled to the remainder interest. The defendant is liable for negligence com-mitted by its agents when the stock was transferred without limitation to Grace C. West, in February, 1927. St. Romes v. Levee Steam Cotton Press Co., 127 U.S. 614, 8 S.Ct. 1335, 32 L.Ed. 289; American Steel Foundries v. Hunt, 6 Cir., 79 F.2d 558; Loring v. Salisbury Mills, 125 Mass. 138, 150.

Defendant further urges that the action is barred by the statute of limitations. In the case in the state court no demand and refusal was alleged, and the Court of Ap-peals reversed the judgment of the trial court upon that ground, and entered final judgment for the defendant. The present case alleges and proves demand and refusal, and the District Court held that the cause of action arose at the date of the refusal of the demand in June, 1937, and that as the equi-ty case was filed July 14, 1937, the cause of action was therefore not outlawed.

[2] We think the District Court erred in holding that demand and refusal were nec-essary to the accrual of the cause of action. These plaintiffs as remaindermen have no immediate right to possession of the certifi-cates. When the wrongful transfer was made, they were entitled to sue the defend-ant immediately for damages for the de-struction of their remainder interest with-out any demand. Lowry v. Commercial & Farmers' Bank, 15 Fed. Cas. No. 8581, page 1040, 1050; Coffey v. Wilkerson, 58 Ky. 101, 1 Metc. 101; Yeager v. Bank of Ken-tucky, 127 Ky. 751, 106 S.W. 806, 16 Ann. Cas. 537. The District Court relied upon and misconstrued the decision of this court in American Steel Foundries v. Hunt, supra, in holding that demand was neces-sary. In that case the action was brought

by the owner of the stock certificate against a company which had issued a new certificate for the same shares. The shares had not been issued in the name of the owner, and the holder of record had represented that the certificate had been lost. When the new certificate was issued, the owner sued for damages for conversion without presenting his own certificate and demanding that the corporation issue one in his name. This court held he could not do, upon the ground that as to the rightful owner the issue of new stock was void and wholly ineffective unaccompanied by any affirmative act, such as a denial of the owner's right to receive dividends, vote, or participate in distribution of the corporate assets. Pure Oil Co. v. Hunt, 46 Ohio App. 329, 188 N.E. 738; Steverding v. Cleveland Co-Operative Stove Co., 121 Ohio St. 250, 167 N.E. 883, and Cleveland & Mahoning Rd. Co. v. Robbins, 35 Ohio St. 483, are not authority for the proposition that demand and refusal are necessary in a suit by a remainderman arising out of a transfer of stock in violation of his rights. All of these cases adjudicate controversies which involve the rights of the present owner of the stock, and not of remaindermen.

The only Ohio case squarely on this subject is West v. American Telephone & Telegraph Co., 7 Ohio Op. 363, which is the decision of the Court of Appeals reversing the judgment of the trial court in favor of plaintiffs herein, in the state case, and entering final judgment for the defendant. In that decision it was held that demand was necessary before the cause of action accrued, but that case also relied upon and misconstrued American Steel Foundries v. Hunt, supra.

It is an interesting question whether, under Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, the federal courts are bound by judgments of inferior state courts. The judgment in the state case was rendered by the Court of Appeals of Cuyahoga County. While it, of course, has persuasive force, it is not binding on the courts of appeals for the other 87 counties of Ohio. A motion to certify was made in the Supreme Court of Ohio, and overruled. This may well have been because that court did not deem the case to be of great general and public interest. Ohio Constitution, Art. IV, Sec. 2. The settled rule in Ohio is that the Supreme Court, by denial of motion to certify the record, lays down no law. It not infrequently makes pronouncements counter to those of circuit courts of appeals whose judgments it has refused to certify, on the same questions covered by those judgments. Village of Brewster v. Hill, 128 Ohio St. 343, 353, 190 N.E. 766.

In Erie Rd. Co. v. Tompkins, supra [304 U.S. 64, 58 S.Ct. 822, 82 L.Ed. 1188, 114 A.L.R. 1487], the Supreme Court stated that "Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state. And whether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern." The reason why state courts other than the highest court were not included in this ruling is obvious, and well illustrated in the present case. A judgment of a court of appeals for one county in the State of Ohio does not make state law, and the denial of motion to certify that case by the Supreme Court does not make state law. It is the declaration of the highest court of the state which crystallizes the law of state judicial decisions and is binding upon the federal courts. If the judgment of the state court of appeals is binding here, we have the anomalous situation of an intermediate appellate court in Ohio misconstruing a decision of this court (American Steel Foundries v. Hunt, supra), and a District Court upon authority of the inferior appellate court's misconstruction, making the same error, and this court following the same erroneous holding. This conclusion hardly seems logical, and we hold that West v. American Telephone & Telegraph Co., supra, is not controlling here.

Our decision that demand was not necessary inevitably results in the conclusion that the cause of action arose when the stock was wrongfully transferred in 1927 to Grace C. West. The delay in instituting suit is fatal under the applicable Ohio statute, Section 11224, General Code of Ohio, the pertinent portions of which read as follows

"An action for either of the following causes, shall be brought within four years after the cause thereof accrued: * * *

"2. For the recovery of personal property, or for taking or detaining it; * * *

"4. For an injury to the rights of the plaintiff not arising on contract nor hereinafter enumerated.

"If the action be * * * for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered * * *."

■ Plaintiffs claim that this is an action for the recovery of personal property or for taking or detaining it, and that the cause did not accrue until the wrongdoer was discovered. If paragraph 2 were the controlling provision, the saving clause would not aid the plaintiffs here, for the principal wrongdoer might easily have been discovered in 1930, when Maurice John West was informed that some of the estate stocks had been sold, and under the statute notice sufficient to put the claimant upon inquiry is equivalent to discovery. 19 Ohio Jur. p. 462. But paragraph 2 is not applicable. The remaindermen have no right of possession so long as the life estate exists. The injury which they have suffered is an injury to their right of remainder. The applicable provision is paragraph 4, "For an injury to the rights of the plaintiff not arising on contract nor hereinafter enumerated," which carries with it no saving clause, and the action is barred under the statute.

■ If this cause of action dates from demand and refusal without any limitation, under plaintiffs' construction and under the construction of the District Court the remaindermen have it in their power indefinitely to postpone the accrual of the action by postponing demand, and thus to nullify the statute of limitations. But this is not the law. Where a condition precedent to a cause of action exists, such as demand and refusal, the cause of action does not accrue until the condition has been performed. We have held that no such condition precedent exists here, and that the action accrued at the time of the tortious transfer of the stock. But assuming that demand and refusal are necessary to the accrual of this action, it is the law that when some preliminary action is a prerequisite to the bringing of the suit, and such action rests with the claimant to perform, he cannot defeat the operation of the statute by failure to act or by long and unnecessary delay. Otherwise he would have it in his power to defeat the purpose of the statute. Atchison, Topeka & Santa Fe Rd. Co. v. Burlingame Tp., 36 Kan. 628, 14 P. 271, 59 Am.Rep. 578; Palmer v. Palmer, 36 Mich. 487, 24 Am.Rep. 605; Oleson v. Wilson, 20 Mont. 544, 52 P. 372, 63 Am.St. Rep. 639; Winchester & Lexington Turn-

pike Co. v. Wickliffe's Adm'r, 100 Ky. 531, 38 S.W. 866, 66 Am.St.Rep. 356; Barnes v. Glide, 117 Cal. 1, 48 P. 804, 59 Am.St.Rep. 153; Cf. Bauserman v. Blunt, 147 U.S. 647, 13 S.Ct. 466, 37 L.Ed. 316; United States v. Sligh, 9 Cir., 24 F.2d 636. This is also the law in Ohio. Keithler v. Foster, 22 Ohio St. 27. The demand under such circumstances is not to be delayed beyond the period of the statute, which in this case is four years.

■ This rule is peculiarly applicable where, as here, the plaintiffs have filed a bill in equity. No demand was made upon the defendant until 1934, some seven years after the conversion. It does not appear that any action has been taken against the principal tort feasor, the life tenant. By this lapse of time the defendant may well have lost its power to protect itself by action against the life tenant. Whatever be the view, then, as to the necessity of demand, the delay of the plaintiffs bars their action.

Laches also exists and is fatal to recovery. A material consideration in this connection is the fact that the action is brought not against the life tenant, the principal tort feasor, but against the defendant whose wrongdoing constitutes mere negligence, no concealment or fraud being charged. The family relationship might perhaps account for delay in making demand if the action were against the life tenant herself. But this relationship also suggests strong possibility of collusion, and does not excuse delay as to this defendant. Maurice John West's knowledge in 1930 that some of these stocks had been sold called for action. If inquiry had then been made, the defendant might have been able to enforce its remedy against the life tenant. Laches is not measured by the statute of limitations. Alsop v. Riker, 155 U.S. 448, 15 S.Ct. 162, 39 L.Ed. 218. But here the delay is longer than the period of the statute, and compels the conclusion that the plaintiffs failed within a reasonable time to assert their rights. Cf. Liverpool & London & Globe Ins. Co. v. Crosby, 6 Cir., 83 F.2d 647.

As plaintiffs' bill was not timely filed, it is unnecessary to consider the question of res judicata, also relied upon by defendant. Neither need we discuss the points as to acceleration and damages, upon which plaintiffs rely in their appeal. Since plaintiffs are not entitled to recover, it would be futile to define the amount and measure of their recovery.

Appeal No. 8140 is dismissed. In appeal No. 8141 the decree is reversed and the case is remanded for further proceedings in accordance with the opinion.

Judge SIMONS concurs in the result insofar as it denies recovery owing to laches in the demand and prosecution of the claim.