CASE 74—PETITION ORDINARY—JAN. 27.

# Winchester & Lexington Turnpike Co. v. Wickliffe's Adm'r.

## APPEAL FROM FAYETTE CIRCUIT COURT.

1. DIVIDENDS—LIMITATION OF ACTIONS.—A declaration of dividends by a corporation, being part of the records of the company and signed by the proper officer, is an obligation in writing for the payment of money within the meaning of section 2514 of the Kentucky statutes, and an action thereon is not barred until fifteen years from the time the cause of action accrued.

2. ACCRUAL OF CAUSE OF ACTION.—A cause of action accrues whenever it is within the power of the creditor to enforce the payment of his demand, although he may be by law required to make a demand before he involves the debtor in costs. The statute begins to run from the time that the debtor is subject to be sued, or from the time that the creditor can by his own act or of his own volition, become entitled to maintain an action.

BRECKINRIDGE & SHELBY FOR APPELLANT.

1. The statute of limitations runs against a right of action for dividends declared by a corporation, and the five year statute is applicable to such actions. (Mercer Co. Ct. v. S. M. & H. T. P. Co., 10 Bush, 254.)

   That case is not overruled by the opinion in Bank of Louisville v. Gray, 84 Ky., 575. In that case it was merely held that the bank held the stock and dividends in trust, and that the statute of limitations did not run against the *cestui que trust*.

SAMUEL M. WILSON AND MORTON & DARNALL FOR APPELLEE.

1. Appellee's right of action did not accrue until the demand was made, declared dividends like deposits, being payable upon demand. And the dividends are held in trust by the corporation for the stockholders, and limitation does not run against the owner's right to them. (Bank v. Gray, 84 Ky., 575; Thompson on Corporations, Vol. 2, secs. 2229 and 2232; Scott v. Central R. R. Co., 52; Barb (N. Y.), 45; Sweetland v. Barrett, 4 Montana, 217; State v. B. & O. R. R. Co., 6 Gill (Ind.), 364; Hagar v. Bank, 63 Me., 509; Stoddard v. Shetucket Co., 34 Conn., 542; King v.

P. & H. R. R. Co., 5 Dutch, 82 and 29 N. J. L., 504; University v. N. C. R. R. Co., 22 Amer. Rep., 671; High v. Board of Com'rs, 92 Ind., 580; Bank v. Penn. Township Bank, 4 Phil., 105; Amer & Eng. Enc. of Law; Title Dividends, Vol. 5, p. 732; 1 Rohrer on R. R., 173; R. R. Co. v. Cowell, 28 Pa. St., 329, and 70 Amer. Dec., 133; Armant v. R. R. Co., 41 La. Ann., 1020, 7 So. Rep., 35; Cook on Stocks and Stockholders, 3d Ed., Vol. 1, secs. 541, 543, and notes; Keppel v. R. R. Co., Chase Dec. (U. S.), 167-213; Mercer Co. Ct. v. S. M. & H. Turnpike Co., 10 Bush, 254; Western Union v. Davenport, 97 U. S., 369; Kentucky Statutes, sec. 4718; St. Rome v. Levee Steam Cotton Press, 20 La. Ann., 381.)

BRECKINRIDGE & SHELBY IN PETITION FOR MODIFICATION OF OPINION.

1. There is no allegation that the declaration of the dividends was entered of record or evidenced by any writing. But if there had been such entry, it would not have been a written contract within the meaning of section 2514, Ky. Statutes. The liability arose from the action of the corporation in declaring the dividend, not from any entry with reference thereto which it might have caused to be put upon its books for its own convenience.

2. Under appellant's charter it was compelled to distribute its net profits as dividends, the declaration of dividends not being discretionary with the directors. Under such circumstances, it is under "a liability created by statute" to declare and pay the dividend, and comes within the five year limitation. (Cook on Stock and Stockholders, sec. 545, Kentucky Statutes, sec. 2515.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

This action was instituted by the administrator of Robert Wickliffe against the appellant to recover $232.50, dividends due from the appellant upon the shares of stock owned and held by the decedent in the Lexington & Winchester Turnpike Co., which dividends accrued and were declared upon the shares so held, commencing with the year 1877 and ending in 1889. The appellant pleaded and relied on the statute of limitations as its only defense, relying on the five-

years and also on the ten-years statute of limitations, and alleging that the dividends had been appropriated by the appellant to its own use more than five years as to part, and more than ten years as to the residue. This suit was filed October 16, 1894.   The court below sustained a demurrer to the answer, and, appellant declining to amend, judgment was rendered in favor of appellee for the amount claimed; and from that judgment appellant prosecutes this appeal.

The only question presented for decision is whether or not the claim, or any part of it, was barred by limitation.

Appellant insists that the case of Mercer County Court v. Springfield, Maxville & Harrodsburg Turnpike Co., 10 Bush, 254, is decisive of this case, and determines that the five-years statute bars a claim for the dividends declared.   It is true that the court held that the dividends in that case were barred by the five-year statute, but that case is unlike the case at bar. It will be seen, upon examination of the opinion in that case, that the company denied the right of the county to the shares of stock, and of course it had never declared any dividends as due to the county court; but in the case at bar, it is admitted, in effect, that the dividends had been declared in appellee's favor, and that if he had applied in time would have been entitled to the payment thereof.

Appellee's contention is that no right of action accrued to appellee until a demand for payment was made by him of the appellant; and as no demand had

been made until a few days before suit, the statute had
not commenced to run prior thereto; also that the ap-
pellant held the dividends as trustee for appellee, and,
therefore, the statute constituted no bar to a recovery,
and cites Bank of Louisville v. Gray, 84 Ky., 575, in
which the court said: "A bank is a trustee for its
stockholder," and further announced the doctrine that
the bank should not be regarded as holding the divi-
dends of its stockholders adversely until after a de-
mand is made. Appellant insists that so much of the
opinion as is relied on by appellee was not necessary
to a decision of that case, hence is only *obiter dicta* and
not authority; but it is not necessary to pass upon that
question, for the reason that in no event can that deci-
sion be decisive of this case.

A bank is in many respects different from a turn-
pike company, and the reasons for holding it to be a
trustee for its stockholders might be much stronger
than any reason for so holding in regard to a turnpike
company. It is part of the business of a bank to re-
ceive and hold the money of its patrons payable on de-
mand.

It is said in Beach on Private Corporations, volume
2, page 953, section 599: "A dividend declared oper-
ates as a specific appropriation of a part of the prop-
erty of the company to its payment, and the claims of
the shareholders as creditors develop into an absolute
title to the property so appropriated."

"Accordingly, after the declaration of the dividend,
the profits are considered as separated from the cor-

porate property, and payable on demand to the individual stockholders as a debt due absolutely to them."

It is said, in Thompson on Corporations, volume 2, section 2232, that unless there is a statute dispensing with a demand, in actions for the recovery of money, a stockholder must prove a demand before he can maintain an action for a dividend. The same author says, in section 2229, that "dividends declared on the capital stock of a corporation, and payable on demand, are not subject to the running of prescription or limitation until there has been a demand and refusal;" and refers to 6 Md., 28 Pa. State, —, and other decisions.

The first-named case does not fully sustain the learned author, but the latter case seems to do so. It may, however, be conceded that a demand for payment of dividends declared in favor of stockholders must be made before suit can be maintained to recover them. The diversity of the statutes of limitation in the various States results sometimes in an apparent conflict of decisions of different courts of last resort. The question presented in this case must be governed by the statute of limitation of this State. Section 2514 of the Kentucky Statutes (which is but a re-enactment of former statutes) provides: "That civil actions, other than those for real property, shall be commenced within the following periods after the cause of action has accrued." * * * "An action or suit upon a recognizance, bond or written contract," * * * "or upon a bond or obligation for the payment

of money or property, or for the performance of any undertaking, shall be commenced within fifteen years after the cause of action first accrued."

It seems clear to us that appellee's cause of action accrued when each dividend was declared. It is true that before he could maintain a suit he must make a demand. Our statutes require that the creditor of a decedent must make a demand of the administrator, accompanied with a proper affidavit, before he can maintain suit. Yet I presume that it would not be contended that the creditor could, by neglecting to make the demand, extend the time allowed by law in which to sue the debtor, if alive, or the administrator. It often happens that a party dies leaving notes not then due, and upon which no right to sue has accrued. Would it be contended that the creditor could neglect to make the proper demand of the administrator, and thus extend the time in which he might sue beyond the time mentioned in the statute as to limitation of actions? The statute of limitation begins to run from the time that the debtor is subject to be sued, or from the time that the creditor can, by his own act or of his own volition, become entitled to maintain an action. It is clear that the statute does not begin to run until the cause of action accrues; but the meaning of that is that whenever it is in the power of the creditor to enforce the payment of his demand, his cause of action has accrued, although he may be by law required to make a demand before he involves the debtor in a bill of costs. It may be said that the statute

of limitation is a statute of repose, and should be so construed and enforced as to accomplish that object. It will be seen from the statute that an action upon a contract or obligation in writing is not barred until fifteen years from the time the cause of action accrued. The contract or obligation in this case was in writing, being part of the records of the company, signed by the proper officer—at least should have been so entered and signed; in fact, it is in law bound to be, and is so admitted in the pleading, not being denied.  The appellee was, therefore, entitled to judgment for all the dividends that had been declared within fifteen years before the 16th of October, 1894 (the time of the institution of the suit).

It results from the foregoing that the court below erred in sustaining the demurrer to the entire answer. It should have been overruled as to the claim for dividends declared in 1877 and 1878, and sustained as to the residue of the answer.

The judgment is, therefore, reversed and cause remanded for proceedings consistent with this opinion.