## The Lobaco Company v. Chaffin.

(Decided December 13, 1921.)

### Appeal from Lawrence Circuit Court.

1. Pleading—Defects—Cure by Other Pleadings and Verdict.—Failure of a petition to allege demand before suit is cured by an answer alleging that no demand was made, and by a verdict rendered pursuant to an instruction submitting the issue of demand.

2. Pleading—Corporations—Sufficiency of Petition to Recover Dividend on Stock.—An allegation in a petition to recover a dividend on stock, that "the board of directors of said corporation, by proper entries upon the records of the corporation, declared a dividend," is a sufficient averment of the declaration of a dividend; it not being necessary for plaintiff to make the further allegation,

that at the time the dividend was declared the company had on hand sufficient profits or surplus to meet the dividend.

3. Appeal and Error—In Absence of Issue, it is not Error to Hear Evidence on Question or to Refuse to Submit Question to Jury.— Where, in an action by a former stockholder to recover a dividend on stock, there was no issue as to whether the company had on hand sufficient profits or surplus with which to pay the dividend, it was not error to refuse either to hear evidence or to submit the question to the jury.

4. Corporations—Sale of Stock—Stock Dividend—Persons Entitled.— He who owns stock in a corporation at the time the dividend is declared, is entitled to the dividend, and in the absence of an agreement to the contrary, a subsequent sale of the stock will not carry the dividend with it, although the dividend is not payable until after the sale or transfer.

5. Contracts—Interpretation of Contract is for the Court.—Interpretation of contract of sale is for the court and not for the jury.

6. Contracts—Sale of Stock—Interpretation.—A contract for the sale of stock containing the provision, "that said stock shall be sold in full and not in part," does not include the dividend theretofore declared on the stock.

7. Appeal and Error—Evidence—Submission of Question to Jury— Right of Party to Complain.—One who procures certain evidence to be introduced cannot complain of the action of the court in admitting such evidence, or in submitting the question to the jury.

8. Trial—Verdict—Sufficiency of Evidence.—Where, on the question whether or not a dividend passed with the sale of stock, plaintiff testified one way and his purchaser the other, it cannot be said that the finding of the jury that the dividend did not pass is flagrantly against the evidence.

M. S. BURNS and WAUGH & HOWERTON for appellant.

FRED M. VINSON and CLYDE L. MILLER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

B. J. Chaffin, a former stockholder in The Lobaco Company, brought suit against the company to recover certain dividends which were declared while he was the owner of the stock. From a verdict and judgment in his favor the company appeals.

On January 6, 1919, Chaffin was the owner of a number of shares of stock in The Lobaco Company, of the par value of $7,325.00. On that day the board of directors declared a ten per cent dividend, payable March 1, 1919. At a meeting of the board of directors held on March 29, 1919, payment of the dividend was deferred until June. On April 19, 1919, Chaffin gave to B. E. Adams an option to purchase all his stock at certain prices. The option

contained the following provision: "It is further agreed that said stock shall be sold in full and not in part and the consideration for this option $1.00 to me in hand paid." On April 20th, Adams exercised the option and purchased the stock. Afterwards the stock was sold to other parties, and the dividends theretofore declared were paid to them.

It is first insisted that the demurrer should have been sustained to the petition. The grounds of the demurrer are that the declaration of the dividend was not properly pleaded, and the petition failed to allege demand before suit. The petition alleges that "the board of directors of said corporation, by proper entries upon the records of the corporation, declared a dividend." This was equivalent to an allegation that the dividend had been duly declared and was clearly sufficient. Of course it was not necessary for plaintiff to make the further allegation that at the time the dividend was declared the company had on hand sufficient profits or surplus to meet the dividend. The presumption is that the directors, in declaring the dividend, acted honestly and in good faith, and any misconduct on their part, or other facts or circumstances which would render their action illegal, are matters of defense. The failure of the petition to allege demand before suit was cured not only by the answer alleging that no demand was made, but by the verdict rendered pursuant to the instruction submitting the issue of demand.

There being no issue as to whether the company had on hand sufficient profits or surplus with which to pay the dividend, it necessarily follows that the court did not err in refusing either to hear evidence on the question or to submit the question to the jury.

The principal question for decision is, who was entitled to the dividend, plaintiff, who owned and sold the stock after the dividend was declared, or the subsequent transferees, who owned the stock when the dividend was payable? Though there may be some authority to the contrary, it is the rule in this state, and the prevailing rule in the majority of states, that whoever owns stock in a corporation at the time the dividend is declared is entitled to the dividend, and, in the absence of an agreement to the contrary, a subsequent sale of the stock will not carry the dividend with it, although the dividend is not payable until after the sale or transfer. Bright v. Lord, 51 Ind. 272, 19 Am. Rep. 732; 14 C. J. 820; 7 R. C. L. 267;

Livingston County Bank v. First State Bank, 136 Ky. 546, 121 S. W. 451, 124 S. W. 829; Winchester &c., Turnpike Co. v. Wickliffe's Admr., 100 Ky. 531, 38 S. W. 866, 66 A. S. R. 356. The reason for the rule is that a dividend, duly declared, is so much money segregated from the capital of the company, and becomes the property of the stockholders. Thus, the relation of debtor and creditor is created, and this relation being separate and distinct from that of a shareholder, the dividend so declared is no longer a mere incident of stock ownership and does not pass with the sale of the stock. Thompson on Corporations, vol. 5, sec. 5332.

The court told the jury in substance to find for plaintiff if they believed from the evidence that he was the owner of the stock when the dividend was declared, unless they further believed that the sale of the stock to B. E. Adams included the dividend, in which event they should find for defendant. It is insisted that the finding of the jury, that the dividend was not included in the sale of the stock, was flagrantly against the evidence. In this connection it is argued that the provision of the contract, "that said stock shall be sold in full and not in part," showed conclusively that the dividend was included in the sale. Of course the interpretation of the contract of sale was for the court and not for the jury, and the court should have held, as a matter of law, that the provision referred to was not susceptible of the interpretation claimed by the company. The provision does not in any way refer to the dividends on the stock, and the only meaning that may be properly attributed to the words in question is that the purchaser should take all the stock and not a mere portion of it. Whether or not, in view of the fact that the company was not a party to the contract, oral evidence was admissible to show the intention of the parties, it is unnecessary to determine, for the company, at whose instance the evidence was introduced, is not in a position to complain of the action of the court in admitting such evidence or submitting the question to the jury. On the question whether it was the intention of the parties that the dividend should pass with the stock, plaintiff testified one way and his purchaser the other, and it cannot be said that the finding of the jury is flagrantly against the evidence.

Judgment affirmed.