ESTATE OF G. PERCY MCGLUE, DECEASED, M. EDITH MCGLUE, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 96799. Promulgated May 21, 1940.

*Lionel B. Farr, C. P. A.,* for the petitioner.
*Elmer L. Corbin, Esq.,* for the respondent.

1202

OPINION.

SMITH: Our first question is whether the executors' fees in the amounts of $70,806.14 from the estate of B. F. Saul and $9,926.75 from the estate of James F. Shea are includable in decedent's gross estate. The item of $70,806.14 was not reported as an asset of the decedent's estate in the estate tax return filed by his executors, but was added to the gross estate by the respondent in his deficiency notice. The item of $9,926.75 was reported in decedent's gross estate, but the petitioner in this proceeding alleges that this was error and that the respondent erred in not eliminating the item from the value of the gross estate.

Section 302 of the Revenue Act of 1926, as amended by section 404 of the Revenue Act of 1934, provides in part:

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside the United States—

(a) to the extent of the interest therein of the decedent at the time of his death.

The term "property" as used in the quoted section of the statute embraces all choses in action, including claims for compensation for services performed. *E. S. Heller et al., Executors*, 10 B. T. A. 53; *Jackson B. Kemper, Administrator*, 14 B. T. A. 931.

It has been held that the right of a deceased partner, under a partnership agreement, to share in the profits of the partnership for a period following his death is a property right, or asset of the estate, which should be included in his gross estate at its present worth. *Grahame Wood et al., Executors*, 26 B. T. A. 533.

In *William P. Blodget et al., Executors*, 13 B. T. A. 1243, it was held that the executors of an estate in process of administration were taxable on the income received from a partnership of which the decedent was a member only to the extent that the amount received exceeded the value at which the chose in action, that is, the right to the income, was included in decedent's gross estate for estate tax purposes.

In *Jackson B. Kemper, Administrator, supra*, we held that certain amounts representing salary and bonus which were due a decedent at the date of his death were not income to his estate when collected by the administrators, but were assets which should have been included in the gross estate for estate tax purposes.

Although we have held in a companion case, Docket No. 98446, *Estate of G. Percy McGlue*, 41 B. T. A. 1186, involving the income tax liability of this decedent for the taxable year in which his death occurred, that the executors' fees here under consideration did not constitute income "accrued" at the date of decedent's death, because they had not been allowed by the Probate Court and because the amount that would eventually be allowed was uncertain, it does not follow that the decedent's claim for such fees was not of value and was not an asset which should be included in decedent's gross estate for estate tax purposes.

As a duly appointed executor of both of the estates, the decedent up to the time of his death had performed services for which he was entitled to compensation in some undetermined amounts. The right to such compensation was a claim or a chose in action which constituted an asset of the estate and must be included in the gross estate at its value at the time of decedent's death.

The amount of $70,806.14 included in the gross estate by the respondent as representing the executors' fees due the decedent from the B. F. Saul estate is one-half of the amount claimed as a deduction for executors' fees in the estate tax return filed on behalf of the estate, the decedent being one of the two executors of the estate. The amount of $9,926.75 which the respondent included in decedent's gross estate as the executors' fees due from the estate of James F. Shea is the amount which was allowed as executors' fees by the Probate Court in a report filed by the surviving executor of the James F. Shea estate in February 1936. The amount of $37,000 was claimed for "estimated executors' commissions" in the Federal estate tax return filed on behalf of the James F. Shea estate by the executors in June 1935, but this amount was not finally allowed.

The evidence before us does not show that the value of the decedent's claims for executors' fees from either the estate of B. F. Saul or the estate of James F. Shea was any less than the amounts at which the respondent has included them in decedent's gross estate. The inclusion of the amounts of $70,806.14 and $9,926.75 in the value of decedent's gross estate is therefore sustained.

The remaining issue relates to the office furniture and books which the respondent included in the decedent's gross estate at a value of $500. Petitioner contends that this property is not includable in the gross estate, and, in the alternative, that if included there should be allowed an offsetting deduction of a like amount.

1204

It is plain that the property in question was the property of the decedent at the time of his death. Under the contract between the decedent and Burke it was to become Burke's property at the time of decedent's death, if not otherwise disposed of by the decedent before that time. The Federal estate tax is imposed generally upon all property passing from the decedent at the date of his death. The value of the office furniture and books, as to which no question is raised, must be included in the decedent's gross estate.

By her alternative plea the petitioner claims the deduction of a like amount, that is, the value of the property at the date of decedent's death, as a claim against the estate for legal services performed by Burke, or for other consideration passing to the decedent under his contract with Burke.

The evidence before us on this issue consists of nothing more than the mere statement in the stipulation of facts that the decedent and Burke entered into the agreement and a copy of the agreement itself. We do not know whether Burke ever performed any legal services for the decedent or for his estate or whether the decedent or his estate actually received anything of value under the contract. In these circumstances it must be held that the evidence of record affords no basis for the allowance of the claimed deduction.

Reviewed by the Board.

*Decision will be entered for the respondent.*