## FIRST NAT. BANK & TRUST CO. et al. v. GLENN, Collector of Internal Revenue.
### No. 184.

District Court, W. D. Kentucky.

Jan. 11, 1941.

J. Keene Daingerfield, of Lexington, Ky., for plaintiffs.

Eli H. Brown, III, U. S. Atty., of Louisville, Ky., for defendant.

MILLER, District Judge.

This matter is before the Court on the defendant's motion to dismiss for the reason that the complaint fails to state a cause of action.

Louis Lee Haggin was the owner, at the time of his death, of 1,679 shares of stock of the Home Stake Mining Company. On December 3rd, 1935, the directors of the mining company declared a dividend of $3 per share payable on December 24, 1935, to the stockholders of record at 3 p.m. on December 20, 1935. Haggin died at 4:35 a.m. on December 20, 1935. The plaintiffs, First National Bank and Trust Company of Lexington, Kentucky, and Emma J. Haggin qualified as co-administrators of his estate with the will annexed. The other plaintiff Emma J. Haggin as an individual is residuary legatee under the will of Louis Haggin. The dividend on the stock in question, amounting to $5,037 was in due course paid to the administrators of the

decedent's estate. At the insistence of the representatives of the Department of Internal Revenue the dividend was included in the individual return of Louis Haggin for the period of January 1st, 1935, to the date of his death, and the income tax due upon said dividends was paid to the United States under protest. The administrators claimed that the amount of the dividend received by them was not income to the decedent during his lifetime, but was properly income to the decedent's estate for the remainder of the taxable year, namely, the period from Haggin's death on December 20, 1935, through December 31, 1935. Claim for refund was duly filed by the administrators and thereafter refused by the Department of Internal Revenue. This action was thereafter timely brought to recover the sum of $2,618.24, being the additional tax which the administrators were required to pay by reason of the inclusion of said dividend in the individual return of Louis Haggin. The defendant, the Collector of Internal Revenue for Kentucky, claims that the dividend was properly included in the individual return of the decedent, and that therefore the admitted facts fail to entitle the plaintiffs to any recovery.

The question is controlled by Section 42 of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Code, § 42, which provides as follows:

"The amount of all items of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different period. In the case of the death of a taxpayer there shall be included in computing net income for the taxable period in which falls the date of his death, amounts accrued up to the date of his death if not otherwise properly includible in respect of such period or a prior period."

It is well settled that the declaration of a dividend by a corporation creates between the corporation and a stockholder the relationship of debtor and creditor instanter, regardless of the fact that payment is not to be made until a later date. The declaration of a dividend is the act of the corporation in setting apart a portion of its net or surplus proceeds for distribution among the stockholders according to their respective interests. It creates a debt against the corporation in favor of each stockholder to the amount due him as to his prorata share, and the creation of this debt can not be extinguished or set aside by later action on the part of the corporation attempting to rescind its declaration of the dividend in question. Staats v. Biograph Co., 2 Cir., 236 F. 454, L.R.A.1917B, 728; United States v. Guinzburg, 2 Cir., 278 F. 363; Flynn v. Haas Bros., 9 Cir., 20 F.2d 510; Bulger Block Coal Co. v. United States, Ct.Cl., 48 F.2d 675; Fidelity & Columbia Trust Co. v. Louisville Ry. Co., 265 Ky. 820, 97 S.W.2d 825.

It logically follows from the above rule that the dividend declared by the corporation belongs to the person holding the stock at the time of the declaration. Winchester & Lexington Turnpike Co. v. Wickliffe's Adm'r, 100 Ky. 531, 38 S.W. 866, 66 Am.St.Rep. 356; Livingston County Bank v. First State Bank, 136 Ky. 546, 121 S.W. 451, 124 S.W. 829; Lobaco Co. v. Chaffin, 193 Ky. 225, 235 S.W. 993.

The right to receive the dividend at a later time can of course be transferred or assigned by the person who is entitled to it, and a sale of the stock before the dividend is payable can also carry with it, if the parties so wish, the right to receive the dividend when paid. But unless the parties so contract, the purchaser of the stock does not acquire a dividend previously declared but payable subsequent to the contract of purchase. Lobaco Co. v. Chaffin, supra. If the foregoing principles are applicable to the present case the present complaint presents no cause of action. The statute specifically states that the income of the decedent shall include "amounts accrued up to the date of his death." Receipt of the payment of the dividend is therefore not necessary.

Plaintiffs contend that the foregoing rules are not applicable to the present case because in addition to the declaration of a dividend on a certain date before the death of a stockholder payable at a future date after the death of the stockholder, the declaration carries with it that it is payable to the stockholder of record at a future date (which in this case is after the death of the stockholder) and that this person might be a different person from the one owning the stock at the time when the dividend is declared, and that accordingly the right

to the payment of the dividend at a future date has not accrued to any particular individual until the time specified in the declaration has arrived. Applying that contention to the present case the owners of the stock at 3 p.m. on December 20, 1935, were the present representatives of the decedent, to whom the right to the dividend accrued instead of to the decedent. Several authorities are cited in support of this contention. In Buchanan v. National Savings & Trust Co., 57 App.D.C. 386, 23 F.2d 994, Court of Appeals, District of Columbia, it was held that a dividend declared on stock before the death of the decedent and made payable to stockholders of record on a date subsequent to the death of the decedent was income and not part of the corpus of the estate of the decedent. However, that case was not an income tax case. The question before the Court was the proper construction of the terms of the decedent's will which set up a trust fund including the stock in question with the income from the trust estate payable to certain beneficiaries. The Court held that it was the intention of the testator as evidenced from all of the surrounding circumstances that the beneficiaries of the trust estate should receive the dividends payable after the death instead of being treated as part of the corpus of the trust estate. Accordingly, the Court treated the dividends as income instead of as principal. The decision is therefore in effect a construction of the testator's will rather than a construction of the income tax statute. In Sharp v. Commissioner of Internal Revenue, 3 Cir., 91 F.2d 802, the facts were very similar to the facts in the present case. The decedent died March 13, 1926, with 5,012 shares of stock standing in his name on the books of the corporation. On March 1, 1926, which preceded the death of the decedent, the corporation declared a dividend of $8 per share payable to stockholders of record on March 15, 1926, which was two days after the decedent's death. The executors who received payment of the dividends treated it as income to the estate and paid an income tax thereon. The Commissioners and Board of Tax Appeals ruled it to be part of the corpus of the estate. On appeal to the Circuit Court of Appeals that Court held it to be income to the estate and no part of the gross taxable estate of the decedent. That ruling supports plaintiff's contention. But

that case was decided under the Internal Revenue Act of 1926, 26 U.S.C.A. Int. Rev.Acts, page 145 et seq., while the case at bar is subject to the Act of 1934. The 1926 Act did not contain the following provision which is contained in the 1934 Act, namely, "in the case of the death of a taxpayer there shall be included in computing net income for the taxable period in which falls the date of his death, amounts accrued up to the date of his death * * *". The decision in the Sharp case accordingly gives no consideration to the question of whether or not the dividend had "accrued" prior to the death of the decedent. The decision is based upon the general statement that the right of the decedent to the declared dividend did not mature during his lifetime and that the person to whom the dividend was payable was unknown until the due date. The Board of Tax Appeals has also ruled to the same effect in Estate of G. Percy McGlue, deceased, 41 B.T.A. 1199, May 21, 1940. Its ruling is based in part at least upon the decision in Sharp v. Commissioner, supra, to which it refers in its opinion.

Reference is also made to the cases of Mason v. Routzahn, 275 U.S. 175, 48 S. Ct. 50, 72 L.Ed. 223, and Avery v. Commissioner, 292 U.S. 210, 54 S.Ct. 674, 78 L.Ed. 1216, which, however, are not in point. The dividends in those cases were discussed with reference to the provisions of statutes which expressly dealt with the receipt of dividends, rather than the accrual of the right to receive them.

Plaintiffs further complain of the injustice which would result if the contention of the Collector is upheld, in that Haggin would be required to pay an income tax upon a fund which he never received. This complaint may or may not be justified, but it is a result against which the Court can not relieve, if the express wording of the statute, which the Court must follow, brings us to that result. As pointed out above the statute does not require the dividend to be received in order to be taxable; it merely requires that it be "accrued" to him prior to his death. Any hardship which results from this statute is for Congress to remedy and not for the Court to deal with. J. E. Riley Investment Co. v. Commissioner, 61 S.Ct. 95, 85 L.Ed. ——, decided by the Supreme Court on November 12, 1940.

In our opinion the fact that the declaration of a dividend payable at a future date also provides that it shall be payable to the stockholders of record on a date subsequent to the date of declaration does not change the general rule that the declaration of the dividend immediately creates the relationship of debtor and creditor, and that the dividend so declared belongs to the person holding the stock at the time of the declaration, from which it follows that the dividend "accrued" to the stockholder at the time when it was declared. It is true that the dividend may be actually paid to another person as provided by the corporation's resolution, when it is later paid, but that merely means that the owner of the stock has transferred or assigned his right to receive the dividend to another person by disposing of the stock subsequent to the date of the declaration of dividend. The amount of this dividend is necessarily reflected in the price paid for the stock, because the purchaser is buying both the stock and the dividend which will be paid to him instead of to the former owner within a short period of time. Assuming that conditions affecting the value of the stock remain constant and the stock is sold after the record date specified in the resolution the sale price of the stock automatically drops by the amount of the dividend, but the seller gets approximately the same value as when he sold it before the record date because he gets in addition to the purchase price of the stock the amount of the dividend. It follows therefore that the stockholder receives the value of the dividend when it is declared, either by the increased value of the stock, if he sells it together with the dividend, or in the reduced value of the stock plus the dividend if he holds it until after the record date. Although he has not actually received the dividend until it is finally paid, yet from the economic and practical viewpoint the dividend has accrued to him from the time of its declaration. The provision in a Company resolution declaring a dividend to stockholders of record upon a specified date is merely an administrative regulation intended to serve the convenience of the corporation and to protect it in paying the dividend to designated persons but does not affect the title to the dividend. See 38 Harvard Law Review 245; Ford v. Snook, 205 App.Div. 194, 199 N.Y.S. 630, affirmed 240 N.Y. 624, 148 N.E. 732. This view is also in accord with the statement in the opinion of the Supreme Court in Spring City Foundry Company v. Commissioner, 292 U.S. 182, 54 S.Ct. 644, 645, 78 L.Ed. 1200, where it is said "when the right to receive an amount becomes fixed, the right accrues." In the present case the right to receive the dividend became fixed in Louis Haggin on December 3, 1935, when the dividend was declared, although it was not payable until a later date and the right could be transferred by him to others before the record date specified in the resolution. The subsequent transfer of this right in no way prevents it from having accrued prior thereto.

We are accordingly of the opinion that the dividend in question accrued to Louis Haggin within the meaning of Section 42 of the Revenue Act of 1934 on December 3, 1935, and was properly included in the income tax return for Haggin for the period of January 1, 1935, through December 20, 1935, the date of his death, and that the tax which the plaintiffs were required to pay was properly collected by the defendant.

Defendant's motion to dismiss the complaint is sustained.