Estate of Robert E. Jones, Mary Hall Furber, Executrix v. Commissioner.
Estate of Jones v. Commissioner
Docket No. 77426.
United States Tax Court
T.C. Memo 1961-113; 1961 Tax Ct. Memo LEXIS 237; 20 T.C.M. (CCH) 558; T.C.M. (RIA) 61113; April 20, 1961
Richard S. Ritzel, Esq., 20 Broad St., New York, N. Y., for the petitioner. Philip Shurman, Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $53,252.10 in estate tax. The petitioner alleges that the *238 Commissioner erred in including in the gross estate of Robert E. Jones the stipulated value of the undivided one-half interest in the corpus of a trust created under paragraph EIGHTH (E)(1) of the will of Margaret Huston Jones and in including in the gross estate $8,006.62, $260.25 and $145.34 as principal and income commissions on three trusts of which Robert was a trustee. The facts of record have been submitted by a stipulation which is adopted as the findings of fact. Robert E. Jones, the decedent, died on November 26, 1954, while residing in the City, County and State of New York. The federal estate tax return was filed in the office of the district director of internal revenue, Upper Manhattan District. Margaret Huston Jones, the wife of Robert, the present decedent, died in Connecticut on August 1, 1942. Her will was probated in Connecticut. Paragraph EIGHTH (E) of her will is, in part, as follows: (E) All the rest, residue and remainder thereof, including any portions not effectually disposed of by the preceding provisions of this paragraph "EIGHTH", I give, devise and bequeath to my Trustees hereinafter named, IN TRUST, NEVERTHELESS, to invest and reinvest and otherwise *239 manage and administer the same, to collect and receive the income therefrom and to pay and apply the net amount of such income, as nearly as may be, in equal, quarterly instalments to and for the use of my said husband, ROBERT EDMOND JONES, for and during the term of his natural life. Upon the expiration of five (5) years from the date of my decease, I direct my said Trustees to pay from said trust fund the sum of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) to my said husband, Robert Edmond Jones, if he be then surviving. Upon the death of my said husband, Robert Edmond Jones, or upon my death if he shall have predeceased me, I direct my Trustees to pay over and distribute the then principal of said trust fund as follows: (1) One-half thereof to and among such persons and/or corporations and in such amounts as my said husband shall be [my husband shall be said] his last will and testament have designated and appointed, and in default of appointment, to his executor or administrator to be applied as if the same had formed part of his personal estate at his death. Robert executed an instrument dated October 27, 1951, and delivered it to the trustees of the trust created under paragraph *240 EIGHTH (E)(1) of Margaret's will. It was, in part, as follows: * * * intending hereby to effect a release of a power of appointment as contemplated by Sections 811(f)(i) and 1000 (c)(i) of the Internal Revenue Code, as amended by the so-called Powers of Appointment Act of 1951, [I] do hereby fully and forever release any and all right which I may have under the provisions of subsection (1) of subdivision (E) of paragraph EIGHTH of the Last Will and Testament of my deceased wife, MARGARET HUSTON JONES, dated January 26, 1942, * * * except that I do hereby retain so much of said power * * * as empowers me to devise, bequeath, appoint or otherwise dispose of such principal [by will to three named classes of persons and to charities] * * *. In no event do I retain any right to devise, bequeath, appoint or otherwise dispose of such principal to myself or to my creditors, or to my estate or to the creditors of my estate. The Commissioner in his brief concedes that by this document Robert "limited his general power of appointment to an exempt power." The decedent fully exercised in his will the limited power of appointment which he retained of the general *241 power given him under provision (E) of paragraph EIGHTH of Margaret's will. The Commissioner in determining the deficiency included in the decedent's estate, under sections 2033 and 2038 of the 1954 Code, $184,427.10, which is the fair market value as of the date of the decedent's death of an undivided one-half interest in one-half of the corpus of the testamentary trust created by Margaret's will. The decision of this case depends upon the interpretation of a will. This can be a difficult task if the intention of the testator is not clearly expressed in the will. Writers of wills are not always successful in their attempts to write what they mean and any lapse on their part is accentuated where, as here, parties having adverse interests endeavor to read different meanings into the will. It is clear that Margaret's will gave Robert a general power of appointment by will with respect to one-half of the trust corpus. The stipulation shows that Robert did not retain the general power of appointment by will and that nothing passed from him under such a power. He retained and exercised a limited power of appointment but nothing goes into his gross estate under those acts. Sec. 811(f)(1), *242 1939 Code; sec. 2041(a)(1), 1954 Code. The problem then narrows to the question of whether, aside from the appointive power, Robert had any interest in one-half of the trust corpus after the life estate. Margaret's will provided that in default of appointment the trustees of this trust were to distribute this one-half of the trust corpus to Robert's executor "to be applied as if the same had formed part of his personal estate at his death." The petitioner contends that these provisions did not give any interest in this remainder to Robert but on the contrary, under this provision, had it become effective, this one-half of the corpus would have gone directly from Margaret to the ultimate recipient or recipients. In other words, Margaret did not mean by this provision that this one-half of the trust corpus was to be a part of Robert's estate at his death, if he failed to exercise his appointive power, but only that it would be "applied as if the same had formed part of his personal estate at his death." (Italics supplied.) Such an intention could have been expressed more clearly. Nevertheless, the conclusion has been reached through an examination of the entire will, with such light *243 as is given by the stipulation, and exercising our best judgment as to the intention of the testator, that the petitioner is right and this portion of the trust corpus is not properly a part of Robert's estate for estate tax purposes. It is our opinion that Margaret directed how this one-half of the principal was to go in default of appointment by Robert, so that whoever was to receive it would receive it from Margaret under Margaret's will and not from Robert through his estate or under his will. Cf. Bryant v. Hackett, 118 Conn. 233, 171 Atl. 664; State v. London & Lancashire Indemnity Co., 124 Conn. 416, 200 Atl. 567. The same language is used elsewhere in this lengthy will with reference to persons who might have died long prior to the time when there would be distribution of property which they would have taken if living. Margaret left property to Robert in other portions of her will and it seems unlikely that she intended this unappointed remainder to be a part of his estate. There may be room for difference of opinion with respect to the meaning of this portion of Margaret's will but the above interpretation seems much more logical than any alternative *244 which the Commissioner has suggested and for which he cites no authority in point. The parties stipulated and are agreed upon the facts relating to the second issue. The petitioner argues that the commissions in question cannot be included in the gross estate of Robert because there is no statutory provision in Connecticut for the compensation of trustees, any commission depends upon the allowance thereof by the probate court and the probate court in this case made no allowance. The Commissioner argues that Robert's right to receive the commissions in question as testamentary trustee of the three trusts existed at his death and is properly includible in his gross estate. The petitioner does not take issue with respect to the amounts of the commissions. This Court had before it in Estate of G. Percy McGlue, 41 B.T.A. 1199, a situation where the decedent at the time of his death was acting as a fiduciary of two estates in process of administration, for which services he was entitled to fiduciary's fees in amounts not at that time determined or allowed by the probate court, and it held that the decedent's right to receive such fees was property includible in his gross estate *245 at its fair market value at the time of his death. The petitioner cites no case to the contrary, and upon authority of that case this point is decided for the Commissioner. Decision will be entered under Rule 50.