ORDER DENYING MOTION FOR TURNOVER OF DIVIDEND
Michael G. Williamson, Chief United States Bankruptcy Judge *672 THIS CASE came on for consideration on the Trustee's motion seeking turnover of a $ 1,056.40 dividend the Debtor received from Publix stock being held in his 401(k) retirement plan.[1] The Debtor is employed by Publix Supermarkets, Inc.[2] Publix apparently offers a 401(k) plan that allows employees to invest their retirement contributions in company stock.[3]
There is no dispute that the Debtor's 401(k) is exempt.[4] So the Trustee has no right to administer-nor does she seek turnover of-the Publix stock held in the Debtor's 401(k) plan. But as the Court understands it, Publix employees who opt to invest in Publix stock can elect to have any dividends declared on that stock either rolled over into the 401(k) plan or paid out to the employee. Here, it appears the Debtor elected to have dividends paid out to him.
On April 14, 2017, two weeks after the Debtor filed for bankruptcy, Publix declared a dividend based on its earnings for the first quarter of 2017, which ended on March 31, 2017-the day the Debtor filed for bankruptcy.[5] On May 1, 2017, Publix paid a $ 1,056.40 dividend on its first quarter earnings.[6] The Trustee now seeks turnover of the Debtor's $ 1,056.40 dividend.[7]
The Trustee's argument has some appeal. Although the Trustee acknowledges the 401(k) plan assets are exempt, she contends the dividends are not-a point the Debtor doesn't appear to dispute. The Trustee points out that the dividend is based on earnings from the first quarter, which was prepetition.[8] The Debtor counters that the operative date is the date the dividend was declared-April 14, 2018-which was two weeks after the petition date.[9]
Neither party cites any case law in support of their position. In fairness, the Court is unaware of any cases dealing with the precise issue before the Court-i.e., whether a dividend paid out of an exempt 401(k) plan is property of the estate when declared and paid postpetition. What little authority there is, however, leads the Court to conclude that the dividend is not property of the estate, although for different reasons than the Debtor argues.
Rather than the date the dividend was declared, the Court concludes it was the date the dividend was paid, under these circumstances, that governs. To be sure, the date the dividend is declared is ordinarily the date the owner of stock first has a right to a dividend.[10] But on the date the dividend was declared, it was still exempt.
Had the Debtor elected to have his dividend reinvested into this 401(k) plan, the *673 Trustee would have had no right to turnover of the dividend. That's because it was not until the dividend was distributed to the Debtor (and deposited into his bank account) on May 1, 2017 that the dividend lost its exempt status.[11] Until then, the dividend was not property of the estate. Because the dividend did not lose its exempt status until two weeks after the petition date, the Court concludes the dividend was not property of the estate as of the petition date. Accordingly, it is
ORDERED that the Trustee's motion for turnover is DENIED to the extent it seeks turnover of the $ 1,056.40 dividend the Debtor received from his Publix stock.

Doc. No. 25. The Trustee's turnover motion also dealt with other issues. Those issues were resolved by separate order. Doc. No. 30.

Doc. No. 1 at Schedule I.

Id. at Schedule C; Doc. No. 32 at 4.

Id. at 6-7.

Id. at 12; Doc. No. 26 at ¶ 15.

Doc. No. 32 at 11 & 17.

Doc. No. 25; Doc. No. 32 at 6 & 9.

Id.

Doc. No. 26 at ¶ 15; Doc. 32 at 12.

First Nat'l Bank & Trust Co. v. Glenn , 36 F.Supp. 552, 554 (W.D. Ky. 1941) (explaining that "[i]t is well settled that the declaration of a dividend by a corporation creates between the corporation and a stockholder the relationship of debtor and creditor instanter, regardless of the fact that payment is not to be made until a later date").

§ 222.21(2)(a), Fla. Stat. (providing that money payable to or assets in a qualified retirement plan are exempt from all claims of creditors); see also In re Stokesberry , 2013 WL 4806426, at *2-3 (Bankr. S.D. Tex. Sep. 5, 2013) (holding under Texas law, which exempts a person's right to assets held in or to receive payments from certain retirement savings plan, payment from a 401(k) plan voluntarily received and deposited into a nonexempt account could be garnished or levied).